# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 17-00539-CJC(DFMx)                    Date:  June 5, 2017

Title: <u>FRANK J. ARLASKY V. NATIONSTAR MORTGAGE, LLC, *ET AL.*</u>

PRESENT:

### <u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>

<u>Melissa Kunig</u>                                    <u>     N/A     </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER HOLDING IN ABEYANCE DEFENDANT'S MOTION TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE WITHIN SEVEN DAYS WHY THIS CASE SHOULD NOT BE DISMISSED**

Plaintiff Frank J. Arlasky filed this case on March 1, 2017, in Orange County Superior Court, against Defendants Nationstar Mortgage, LLC, Barret, Daffin, Frappier, Treder & Weiss, LLP, and Specialized Loan Servicing, LLC, alleging fourteen causes of action relating to a notice of trustee's sale of his home that was mailed to him on February 15, 2017.  (Dkt. 1 Ex. 1.)  Plaintiff took out a $993,675 mortgage loan in 2006, and he stopped making payments on the loan in 2011.  (Dkt. 11 at 1.)  Defendant Nationstar removed the action to this Court on March 24, 2017.  (Dkt. 1.)

On August 4, 2015, Plaintiff filed a previous lawsuit against Defendants Nationstar Mortgage, LLC, and Veriprise Processing Solutions, LLC.  (*See* SACV 15-01514 CJC(DFMx) Dkt. 1 Ex. 1.)  Defendants in that case removed to this Court on September 18, 2015.  (*Id.* Dkt. 1.)  As with this case, Plaintiff filed that lawsuit in response to a notice of trustee's sale.  (*See id.* Dkt. 14 at 2.)

The Court dismissed Plaintiff's prior case with prejudice following his repeated failure to appear at hearings and upon extensive showing of dilatory tactics verging on bad faith to run out the clock on a foreclosure sale based on the notice of trustee's sale. (*See id.* Dkt. 20 Exs. B, C (repeated failure to timely respond to emails and failure to

appear at depositions); *id.* Dkt. 20 Ex. D (late filing); *id.* Dkt. 20 Ex. F (indicating purpose of litigation was to delay until foreclosure time barred); *id.* Dkt. 19 Ex. I (failure to produce documents in advance of deposition); *id.* Dkt. 29-1 ¶ 9 (Plaintiff informing mediator of intention to not comply with Court-ordered sanction); *id.* Dkt. 21 (denying Plaintiff's motion for leave to amend for failure to attach proposed amended complaint).)

Based on the similarities of Plaintiff's allegations in this case to his allegations in the previous case, (*compare id.* Dkt. 1 Exs. 1, 4; *id.* Dkt. 14 *with* Case No. 17-00539 Dkt. 1 Ex. 1), and Plaintiff's failure to timely file an opposition to Defendant Barret, Daffin's motion to dismiss, (Case No. 17-00539 Dkt. 17), the Court is concerned that Plaintiff has filed this second action to cause unnecessary delay and to reprise the dilatory tactics employed in the first action to preclude foreclosure, *see* Fed. R. Civ. P. 11(b)(1). Accordingly, Plaintiff is ORDERED TO SHOW CAUSE WITHIN SEVEN DAYS why this case should not be dismissed.

Defendant Barret, Daffin's motion to dismiss, (Dkt. 14), is HELD IN ABEYANCE pending resolution of this Order to Show Cause.

nhm

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk MKU